**SO ORDERED.**

**SIGNED this 21 day of August, 2026.**

**Robert M. Matson**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| In re:<br><br>Jackie Lanette Baker<br><br>Debtor | Case No. 26-50487-RMM<br><br>Chapter 13 |

**ORDER DENYING DEBTOR-APPELLANT'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

On May 29, 2026, the Court entered an order dismissing this case. *See* Doc. 21 ("Dismissal Order"). The Debtor filed a Motion to Reconsider and Vacate Order of Dismissal [Doc. 27] ("Motion to Reconsider"), which the Court denied on July 16, 2026, after a hearing. *See* Doc. 31 ("Order Denying Motion to Reconsider"). The Debtor appealed the Order Denying Motion to Reconsider.

Currently before the Court is the Debtor's motion to proceed in forma pauperis in her appeal [Doc. 43] ("Motion"). She seeks a waiver under both 28 U.S.C. § 1930(f)(3) and 28 U.S.C. § 1915(a)(1). As explained below: (1) the Court denies the

waiver under 28 U.S.C. § 1930(f)(3); (2) to the extent the Court has authority to rule on a waiver request under 28 U.S.C. § 1915(a)(1), the Court denies the waiver; (3) to the extent the Court lacks authority to rule on a waiver request under 28 U.S.C. § 1915(a)(1), the Court recommends that the District Court deny the waiver; and (4) regardless of this Court's authority under 28 U.S.C. § 1915(a)(1), the Court certifies under 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith.

## I. 28 U.S.C. § 1930(f)(3)

The Court has statutory authority under 28 U.S.C. § 1930(f)(1) and (f)(2) to waive the filing fee and subsequent fees for a Chapter 7 bankruptcy debtor who financially qualifies. Those subsections do not apply in a Chapter 13 case. The Court also has statutory authority under § 1930(f)(3) to waive bankruptcy fees regardless of financial qualification or bankruptcy chapter, but only "in accordance with Judicial Conference policy." 28 U.S.C. § 1930(f)(3).

Judicial Conference policies for bankruptcy cases are set forth in 4 GUIDE TO JUDICIARY POLICY chapter 8. The Judicial Conference has no specific policy for fee waivers in Chapter 13 cases.[1] The Judicial Conference, however, does appear to disfavor fee waivers for debtors not in a Chapter 7 case. This can be seen in the lack of any specific policy for non-Chapter 7 debtors. *See generally* 4 GUIDE TO JUDICIARY POLICY § 820 (no specific policy for fee waivers in non-Chapter 7 cases); *see also id.* §

---

[1] *See generally* 4 GUIDE TO JUDICIARY POLICY § 820, www.uscourts.gov/file/document/bankruptcy-case-policies; *see also* BANKRUPTCY FEE COMPENDIUM III at 24 n.138 (Admin. Office, June 1, 2014 ed.) ("28 U.S.C. § 1930(f)(3) seems to provide that district and bankruptcy courts may waive fees for other debtors and creditors, but it qualifies this authority by providing that the waiver is to be in accordance with Judicial Conference policy. The Judicial Conference has not yet issued a policy concerning waiving fees for other debtors and creditors.").

Case 5:26-cv-00298-CAR Document 3 Filed 03/24/26 Page 3 of 15

820.30(a)(1) (if a Chapter 7 filing fee is waived and the case later converts to another chapter, "the debtor must pay the full filing fee required for that chapter").

While no specific Chapter 13 policy is in place, the Judicial Conference has a general policy of judicial discretion to waive fees based on the totality of the circumstances, including whether the debtor meets the financial eligibility standard set forth in 28 U.S.C. § 1930(f)(1).[2]

Here, the totality of the circumstances compel the Court to deny the Motion.

**A. Financial Eligibility Standard of 28 U.S.C. § 1930(f)(1)**

A debtor meets the financial eligibility standards of 28 U.S.C. § 1930(f)(1) if the debtor (1) has income less than 150% of the official poverty line income applicable to the debtor's family size and (2) is unable to pay the filing fee in installments. The Debtor bears the burden of proving her circumstances satisfy both requirements of 28 U.S.C. § 1930(f)(1). *See, e.g.*, *In re Spisak*, 361 B.R. 408, 412 (Bankr. D. Vt. 2007); *In re McClendon*, 509 B.R. 81, 84 n.6 (Bankr. E.D. Mich. 2014). The Court cannot find the Debtor has met her burden.

The declaration attached to the Motion suggests she financially qualifies. It shows monthly income of $1,300, monthly expenses of $1,720, and one dependent. In 2026, the official poverty line income amount for a 2-person family is $21,640. *See* https://aspe.hhs.gov/poverty-guidelines. Accordingly, for the Debtor to financially

---

[2] *See* 4 GUIDE TO JUDICIARY POLICY § 820.40(a) (stating in part that bankruptcy fees "may be waived, in the discretion of the court, for an individual debtor … for whom the totality of circumstances during the pendency of the case and appeal warrant such waiver upon request"); *id.* § 820.40(c) (stating "[i]f the filing fee has not been waived, a debtor may still move to seek a waiver of other fees … by demonstrating that he or she meets the standard of [financial] eligibility" as set out in 28 U.S.C. § 1930(f)(1)).

qualify, she must have annual income of less than $32,460 and be unable to pay in installments.

The Debtor appears to qualify based on the numbers in the declaration. But the Court is not reviewing this matter with blinders on. This is a Chapter 13 case. To confirm a Chapter 13 plan, every Chapter 13 debtor must file a Chapter 13 plan and show that the plan is feasible, *i.e.*, that the debtor has sufficient monthly income after expenses to fund the plan. The Debtor filed a Chapter 13 Plan [Doc. 18] and financial disclosures in this case. Her plan provides for a monthly plan payment of $486. Doc. 18 at 7. For a $486 payment to be feasible, the Debtor must have at least $486 left over each month for the plan payment. The Debtor failed to disclose her income before dismissal,[3] but her schedule of expenses (Schedule J) itemizes expenses totaling $3,940. *See* Doc. 14-8.

Assuming the Debtor's disclosures in the declaration are accurate, the Debtor would not qualify for Chapter 13. Her inability to fund a Chapter 13 plan would be additional grounds for dismissal of her case. But if the Court assumes the Debtor has income sufficient to fund her proposed Chapter 13 plan, then the Debtor must have sufficient monthly net income to do so, and thus she would not qualify under § 1930.

Either (1) she satisfies the eligibility requirements of 28 U.S.C. § 1930(f)(1), in which case she should not be in Chapter 13, or (2) she has sufficient net monthly income to fund her Chapter 13 plan, in which case she cannot meet the eligibility standards of 28 U.S.C. § 1930(f)(1).

[3] The Debtor's schedule of income (Schedule I) includes several instances of "N/A" and includes the note, "I need assistance with filling this form." Doc. 14-7 at 1–2.

Her declaration is inconsistent with other disclosures to the Court and with her Chapter 13 Plan. The Court cannot find, based on the entire record, the Debtor has met her burden. But even assuming the Debtor meets § 1930(f)(1)'s financial eligibility standard, the totality of the circumstances would compel the Court to deny the waiver request, as set forth below.

**B. Status as Chapter 13 Debtor**

The totality of the circumstances includes the Debtor's status as a Chapter 13 debtor. No Judicial Conference policy specifically permits fee waivers for Chapter 13 debtors. Fee waivers are clearly disfavored outside of Chapter 7, and in fact, this Court is unaware of any instance of a Chapter 13 debtor receiving a waiver of any bankruptcy fees. Presumably this is because a person who financially qualifies for a fee waiver would either be ineligible for Chapter 13 or unable to confirm a Chapter 13 plan. Chapter 13 is available only to individuals with enough income to fund a Chapter 13 plan.[4]

---

[4] *See* 11 U.S.C. § 109(e) ("Only an individual with regular income ... may be a debtor under chapter 13 of this title."); 11 U.S.C. § 101(30) ("The term 'individual with regular income' means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title ....").

The lack of any specific authority allowing fee waivers for Chapter 13 debtors has convinced some courts to conclude that such waivers are unauthorized[5] and other courts to question whether the authority exists.[6]

While this Court does not conclude § 1930(f) prohibits fee waivers in Chapter 13, this Court acknowledges that fee waivers are generally incompatible with a debtor's Chapter 13 status. It is unclear how a person who financially qualifies for a fee waiver would or could be in a Chapter 13 case. *See, e.g.*, *In re Hayes*, No. 23-61366, 2024 WL 994245, at *3 (Bankr. W.D. Va. Mar. 7, 2024) ("Since an individual who does not have sufficient regular income from which to pay a filing fee apparently would not meet the eligibility criteria of section 109(e), perhaps that is why the United States Code does not permit an *in forma pauperis* filing of a chapter 13 case."); *Bastani v. Wells Fargo Bank, N.A.*, 960 F.3d 976, 978 (7th Cir. 2020) ("To qualify for relief under Chapter 13, a person must have an income that enables her to pay most debts within five years and still have something left for living expenses. It is hard to

---

[5] *See, e.g.*, *In re Hayes*, No. 23-61366, 2024 WL 994245, at *3 (Bankr. W.D. Va. Mar. 7, 2024) ("Because a waiver of the bankruptcy case filing fee under 28 U.S.C. § 1930(f) is only permitted in a chapter 7 case, and this case is a chapter 13 case, this Court has no authority to allow Mr. Hayes to waive the filing fee[.]"); *In re Frazier*, 569 B.R. 361, 371 (Bankr. S.D. Ga. 2017) ("Congress did not provide for the waiver of the filing fee in a Chapter 13 case."); *Bastani v. Wells Fargo Bank, N.A.*, 960 F.3d 976, 977 (7th Cir. 2020) ("All § 1930(f) has to say about appellate filing fees in Chapter 13 is—nothing. That leaves § 1915 in place."); *In re Byrne*, No. 22-10117, 2022 WL 2165154, at *1 (Bankr. D. Me. June 15, 2022) ("Section 1930 does not authorize the Court to waive the filing fee in a chapter 13 case."); *In re Decker*, No. 3:14CV380, 2014 WL 1028434, at *2 (M.D. Pa. Mar. 17, 2014) ("Federal law provides that, unlike a Chapter 7 debtor, a Chapter 13 debtor cannot waive their filing fee.").

[6] *See, e.g.*, *In re Cole*, No. 16-30960, 2025 WL 350314, at *1–*2 (Bankr. W.D.N.C. Jan. 30, 2025) ("There is a question of whether bankruptcy courts have the statutory authority to waive the fee associated with filing a notice of appeal in a Chapter 13 case. … [S]ection 1930 only clearly authorizes waiver of filing fees for Chapter 7 debtors."); *In re Gore*, 661 B.R. 946, 947 (Bankr. N.D. Ill. 2024) (noting 28 U.S.C. § 1930(f) "has been interpreted to mean that as a rule a chapter 13 debtor is not eligible to proceed in forma pauperis in connection with appeals from the district court to a U.S. Court of Appeals").

see how someone eligible for relief under Chapter 13 could be unable to pay filing fees. To put this differently, a person who tells the bankruptcy court that she qualifies under Chapter 13 cannot persuade a court of appeals that she lacks money for judicial fees.").

Here, the Court is presented with no circumstances justifying waiving the appeal fee for the Debtor. This case has been dismissed. The Debtor is not paying into her Chapter 13 plan. The $486 per month she would otherwise be obligated to pay into her plan, therefore, could and should be used for her $298 appeal fee. And if she cannot pay the appeal fee she should not be in Chapter 13. Either way, the public should not be funding the Debtor's challenge to the dismissal of her Chapter 13 case.

**C. Good Faith**

The totality of the circumstances includes whether the Debtor has appealed in good faith. *See In re Ray*, No. 16-40111, 2016 WL 3211449, at *3 (Bankr. S.D. Ga. June 1, 2016). "Good faith is judged by an objective standard and is demonstrated when an appellant seeks review of any issue that is not frivolous. An issue is frivolous if it is 'without arguable merit either in law or fact.'" *Id.* (citation omitted) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). The Debtor's appeal is without arguable legal or factual merit.

As the Court explained at the hearing on the Motion to Reconsider and explained again in its Order Denying Motion for Stay Pending Appeal [Doc. 44], the Debtor had no meritorious defense to justify reconsidering dismissal of this case. First, dismissal was mandatory for the Debtor's failure to provide her income tax

return to the Trustee. The Court could not have abused its discretion by failing to reconsider a mandatory dismissal. Second, the Debtor's failure to obtain prepetition credit counseling provided separate grounds for denying the Motion to Reconsider. The Court did not abuse its discretion in declining to pointlessly reinstate a case just to dismiss it on other grounds.

The purported notice issue raised in the appeal are likewise without arguable merit. The Trustee's Motion to Dismiss and all relevant notices were served or sent via first-class mail addressed to the Debtor at the address she provided to the Court. As explained in the Order Denying Motion for Stay Pending Appeal, this satisfies the notice requirements of both due process and the Bankruptcy Rules.

And even assuming any merit to the notice issue, it would provide no basis to reverse or vacate the Order Denying Motion to Reconsider. The Court reiterates that dismissal on the tax return issue was mandatory. The Debtor failed to comply with a statutory obligation to provide her income tax return to the Trustee. The relevant statute made dismissal mandatory. Any lack of notice of the Trustee's Motion to Dismiss amounted to, at best, harmless error.

**D. Unpaid Filing Fee**

The totality of the circumstances includes the Debtor's unpaid filing fee from this Chapter 13 case. The Court granted the Debtor's request to pay the case filing fee in installments. *See* Application to Pay the Filing Fee in Installments [Doc. 4]; Order Approving Payment of Filing Fee in Installments [Doc. 8] (authorizing payment over four installments due on April 22, May 21, June 22, and July 21 of

2026). Despite this, the entire filing fee remains unpaid. Outstanding fee obligations constitute grounds for denying a fee waiver request. *See, e.g.*, *In re Duroser*, No. 1:15-CV-1810-WSD, 2015 WL 4068243, at *3 n.5 (N.D. Ga. July 2, 2015) ("[T]he Bankruptcy Court did not abuse its discretion in finding that Debtor does not qualify for waiver of the filing fee due to her outstanding filing fee obligations and denying Debtor's Application to Waive the Filing.").

Because the Court sees no arguable legal or factual merit to the Debtor's appeal of the Order Denying Motion to Reconsider, the Court finds the appeal not in good faith.

For all of the foregoing reasons, the Court denies the Debtor's request for waiver of the appeal fee under 28 U.S.C. § 1930(f)(3).

**2. 28 U.S.C. § 1915(a)(1)**

The Debtor also seeks a fee waiver under 28 U.S.C. § 1915, which states "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... or appeal therein, without prepayment of fees." 28 U.S.C. § 1915(a)(1). An applicant seeking relief under Section 1915 must submit an affidavit describing the applicant's assets and stating the applicant is unable to pay the fees. *Id.*

"A well-established two-step procedure is used to process a case filed *in forma pauperis* pursuant to 28 U.S.C. § 1915." *Mason v. Georgia Dep't of Lab.*, No. 1:16-CV-192 (LJA), 2016 WL 10655519, at *1 (M.D. Ga. Nov. 1, 2016). "At the first step, the Court finds that Plaintiff meets the poverty requirements of 28 U.S.C. § 1915. … At

the second step, the Court reviews whether Plaintiff's appeal is taken in good faith." *Thomas v. Prine*, No. 7:25-CV-00013 (WLS-ALS), 2026 WL 1991633, at *1, *2 (M.D. Ga. July 9, 2026).

As the use of "may" indicates, the decision to grant a fee waiver under § 1915 is discretionary. *See, e.g.*, *Nixon v. UPS*, No. 7:13-CV-38 HL, 2013 WL 1364107, at *1 (M.D. Ga. Apr. 3, 2013) ("The Court's decision to allow a litigant to proceed IFP is discretionary.") (citing *Pace v. Evans,* 709 F.2d 1428, 1429 (11th Cir.1983); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (stating "a trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915") (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir.1975)).

Some courts hold that bankruptcy courts lack the authority to waive fees under § 1915(a)(1) because they are not included in Title 28's definition of "court of the United States."[7] *See, e.g.*, *In re Perroton*, 958 F.2d 889, 896 (9th Cir. 1992); *In re Martel*, 328 F. App'x 584, 586 n.1 (10th Cir. 2009). Other courts hold that because bankruptcy courts are units of district courts and act only through the jurisdiction referred to it under Title 28, bankruptcy courts fall within the definition of "court of the United States." *See, e.g.*, *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008); *In re Yelverton*, No. 09-00414, 2013 WL 1335744, at *2 (Bankr. D.D.C. Mar. 29, 2013); *In re Richmond*, 247 F. App'x 831, 834–35 (7th Cir. 2007); *In re Melendez*, 153 B.R. 386, 388 (Bankr. D. Conn. 1993).

---

[7] 28 U.S.C. § 451 states, "As used in this title: The term 'court of the United States' includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior."

The Eleventh Circuit has not ruled on this issue context of § 1915. In other contexts, however, it has held that bankruptcy courts are not Article III courts and thus not courts "of the United States." *See In re Davis*, 899 F.2d 1136, 1139–40 (11th Cir. 1990) ("Bankruptcy courts are not listed in section 451, and it is indisputable that, as presently constituted, they are not Article III courts. It thus appears that the bankruptcy court below lacked jurisdiction to award fees under the [Equal Access to Justice Act, 28 U.S.C. § 2412]."); *In re Brickell Inv. Corp.*, 922 F.2d 696, 701 (11th Cir. 1991) ("[W]e hold that since a bankruptcy court is not an Article III court, it cannot be considered a 'court of the United States' for purposes of awarding fees under [26 U.S.C.] § 7430.").

Courts in this circuit have split on how broadly to apply the Eleventh Circuit's *Davis* and *Brickell* opinions. Some courts apply them broadly across Title 28 to include other contexts, such as 28 U.S.C. §§ 1915 and 1927. *See, e.g.*, *In re Ray*, No. 16-40111, 2016 WL 3211449, at *2 n.4 (Bankr. S.D. Ga. June 1, 2016) ("Bankruptcy courts in the Southern District of Georgia, as Article I courts, could not rule on a debtor's application to proceed in forma pauperis under § 1915(a), because in the Eleventh Circuit, the phrase 'courts of the United States' means Article III courts."); *In re Evergreen Sec., Ltd.*, 381 B.R. 407, 411 (Bankr. M.D. Fla. 2007) ("This Court, as a non-Article III court, does not have authority to impose sanctions for vexatious litigation pursuant to 28 U.S.C. Section 1927[.]").

Some courts construe those opinions narrowly and conclude they do not control for purposes of 28 U.S.C. §§ 1915 and 1927. *See, e.g.*, *In re Ocean 4660 LLC*, 569 B.R.

850, 874–76 (Bankr. S.D. Fla. 2017) (*Davis* and *Brickell* do not apply to 28 U.S.C. § 1927; bankruptcy court's ability to impose sanctions under § 1927 stems from jurisdictional relationship with district court); *In re Brooks*, 175 B.R. 409, 412 (Bankr. S.D. Ala. 1994) ("As 'units of the district court' pursuant to 28 U.S.C. § 151, authority flows to the bankruptcy courts from the district courts through the order of reference. Bankruptcy judges' authority to deal with IFP motions is derived from this 'flow down' jurisdictional scheme.").

Another course followed by some courts is to construe a bankruptcy court's ruling under § 1915 or § 1927 as a recommendation to the district court. *See, e.g.*, *In re Evans*, No. 3:06CV547/MCR/EMT, 2007 WL 1288691, at *2 n.2 (N.D. Fla. Apr. 30, 2007) ("A conflict exists among the federal circuits and among the district and bankruptcy courts of this circuit as to whether a bankruptcy court is considered a 'court of the United States' under 28 U.S.C. § 1915, which would permit bankruptcy judges to determine whether an appellant may proceed *in forma pauperis* pursuant to that statute. Until the Eleventh Circuit or the Supreme Court answers this question, the court believes that bankruptcy courts should make recommendations on requests to proceed *in forma pauperis,* rather than rulings.") (citations omitted); *In re Isaac*, No. 05-95374-JB, 2005 WL 6486381, at *1 n.1 (Bankr. N.D. Ga. Nov. 17, 2005) ("There is a split of authority as to whether a bankruptcy court has the authority to grant motions to proceed *in forma pauperis* on appeal. … If, however, the district court should find that this Court does not have the authority to enter *in forma pauperis* orders in bankruptcy matters, this opinion constitutes proposed findings of

fact and conclusions of law submitted to the district court pursuant to Fed. R. Bankr. P. 9033 for its review and use in entry of a final order."); *In re Brown*, No. 6:05-BK-15294-ABB, 2009 WL 10633429, at *6 (Bankr. M.D. Fla. Feb. 19, 2009) ("As an initial matter, although the Court may make an initial determination of whether sanctions under [28 U.S.C.] § 1927 are appropriate, a bankruptcy court may not actually impose § 1927 sanctions, but instead may only submit proposed findings of fact and conclusions of law to the District Court.").

Still another option, for a bankruptcy court who finds no arguable merit to a bankruptcy appeal, is to certify that the appeal is not in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *see also, e.g.*, *In re Gomez*, 670 B.R. 629, 635 (Bankr. N.D. Ill. 2025) ("But unlike section 1915(a)(1), section 1915(a)(3) refers to 'the trial court,' not a 'court of the United States,[']and a bankruptcy court certainly is a 'trial court.' … [E]ven assuming that I lack authority to waive appeal fees under section 1915, I can certify that an appeal is not taken in good faith for purposes of the district court's evaluation of the waiver application."); *In re Price*, 410 B.R. 51, 58 (Bankr. E.D. Cal. 2009) ("[T]he Article III judge presented with an in forma pauperis request will want to know whether the bankruptcy trial judge has made, or intends to make, a trial court's § 1915(a)(3) certification.").

This Court will not opine on the scope of its authority under 28 U.S.C. § 1915(a)(1). Rather, the Court will provide alternative rulings for either scenario.

Assuming this Court has waiver authority under 28 U.S.C. § 1915(a)(1): the Court does not exercise that authority here and denies the Motion. This is because, as explained above, (1) the Court cannot find the Debtor is financially incapable of paying the appeal fee and (2) the Court does not find the appeal to be taken in good faith.

Assuming this Court lacks authority to rule on a 28 U.S.C. § 1930(a)(1) waiver request: the Court recommends that the District Court deny the Motion because, as explained above, (1) the Court cannot find the Debtor is financially incapable of paying the appeal fee and (2) the Court does not find the appeal to be taken in good faith.

Regardless of this Court's authority under 28 U.S.C. § 1930(a)(1): the Court certifies under 28 U.S.C. § 1930(a)(3), that the appeal is not taken in good faith.

**3. Conclusion**

For the reasons stated here, (1) the Court denies Motion as to the waiver request under 28 U.S.C. § 1930(f)(3); (2) to the extent the Court has waiver authority under 28 U.S.C. § 1915(a)(1), the Court denies the waiver; (3) to the extent the Court lacks authority to rule on a waiver request under 28 U.S.C. § 1915(a)(1), the Court recommends that the District Court deny the Motion; and (4) the Court certifies under 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith.

Accordingly, it is hereby **ORDERED** that the Motion is denied. It is further **ORDERED** that the Debtor is directed to pay the appeal fee in full within seven (7) days from the date of entry of this Order.

If the Debtor is represented by an attorney, the fee shall be paid using the Pay.Gov system. If the Debtor is not represented by an attorney, she may pay the fee using one of these methods: online at www.gamb.uscourts.gov; or with a cashier's check, certified check, or money order to the following address:

U.S. Bankruptcy Court
433 Cherry Street
P.O. Box 1957
Macon, GA 31202

**END OF DOCUMENT**